IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELVIS BENSON | ) | |
| | ) | No. 08 C 2346 |
| Plaintiff, | ) | |
| | ) | Judge Manning |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| ERIC ECKHORN, GREGORIO | ) | |
| ANDERSON, UNKNOWN OFFICERS, | ) | |
| and the CITY OF CHICAGO, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, City of Chicago ("City"), by it's attorney, Mara S. Georges, Corporation Counsel

for the City, for its Answer, Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

**JURISDICTION**

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983;
the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this
Court's supplementary jurisdiction powers.

**ANSWER:**    Defendant City admits that this action purports to be brought pursuant to 42

U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and § 1343(a), and this Court's supplementary

jurisdiction powers.  The City denies that the Constitution of the United States provides plaintiff with

a direct cause of action.

**PARTIES**

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as

-1-

to the truth of the allegations in this paragraph.

3.    The DEFENDANT OFFICERS were, at all times relevant hereto, employed by and acting on behalf of the CITY OF CHICAGO.

    **ANSWER:**    Defendant City admits that, at all times relevant to the allegations in plaintiff's

Complaint, defendant officers Eric Eckhorn and Gregario Anderson were employed by the City as

Chicago police officers.  The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in this paragraph.

4.    The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the Monell claim alleged herein).  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

    **ANSWER:**    Defendant City admits that it is a duly incorporated municipal corporation.

The City further admits that, at all times relevant to the allegations in plaintiff's Complaint,

defendant officers Eric Eckhorn and Gregario Anderson were employed by the City as Chicago

police officers and were acting under the color of law.  The City lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS

5.    On or about April 29, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

    **ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

6.    On or about April 29, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

    **ANSWER:**    Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

7.     The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.   The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

     **ANSWER:**     Upon information and belief, based upon Chicago Police Department records, the City admits that defendant officers Eckhorn and Anderson assisted in the arrest of plaintiff on April 29, 2007.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8.     On April 29, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

     **ANSWER:**     Upon information and belief, based upon Chicago Police Department records, defendant City denies the allegation in this paragraph.

9.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

     **ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     On or about April 29, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

     **ANSWER:**     Defendant City admits that, at all times relevant to the allegations in plaintiff's Complaint, defendant officers Eric Eckhorn and Gregario Anderson were employed by the City as Chicago police officers and were acting in the course and scope of their employment.  The City

further admits that plaintiff purports to bring this action against the defendant officers in their

individual capacity. The City lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

11.     Upon information and belief, ERIC ECKHORN, on April 29, 2007, came into physical contact with PLAINTIFF.

    **ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

12.     Upon information and belief, GREGORIO ANDERSON, on April 29, 2007, came into physical contact with PLAINTIFF.

    **ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

13.     Upon information and belief, UNKNOWN OFFICERS, on April 29, 2007, came into physical contact with PLAINTIFF.

    **ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

<b>CONSPIRACY</b>

14.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

        a.     agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

        b.     agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

        c.     generating false documentation to cover-up for their own and each other's misconduct;

    **ANSWER:**     Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

15.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about April 29, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's lees, and suffer emotionally.

   **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

## EQUAL PROTECTION CLASS-OF-ONE

16.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

   **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

17.    With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of witnessing police misconduct attributable to the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF.  Further, PLAINTIFF was similarly situated to other individuals who interact with Police Officers that are not falsely arrested.

   **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

## *MONELL* ALLEGATIONS

18.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

   a. generate false documentation to cover-up for the misconduct of fellow police

officers;

b.      engage in acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

c.      fail to properly discipline officers from said police department who have committed act(s) of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

d.      fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

e.      fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts has been committed by said officer upon another;

f.      allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts without repercussions and/or significant repercussions;

g.      fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia*, false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

i.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.      fail to properly investigate officers who falsify police reports, investigations

-6-

and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

l.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.    fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.    fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

o.    fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER:**   Defendant City denies the allegations in this paragraph, including all of its

sub-parts.

19.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

   **ANSWER:**    Defendant City denies the existence of any "practice and/or custom" as alleged

above.  The City further denies all remaining allegations in this paragraph.

20.    A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

   **ANSWER:**    Defendant City denies the allegations in this paragraph.

### COUNT I
### §1983 False Arrest

   Defendant City is not named as a defendant in Count I; therefore, no answer to Count I is

required by the City.

### COUNT II
### False Arrest–State Claim

   Defendant City is not named as a defendant in Count II; therefore, no answer to Count II is

required by the City.

### COUNT III
### Malicious Prosecution–State Claim

   Defendant City is not named as a defendant in Count III; therefore, no answer to Count III

is required by the City.

### COUNT IV
### § 1983 Conspiracy Claim

   Defendant City is not named as a defendant in Count IV; therefore, no answer to Count IV

is required by the City.

## COUNT V
## Conspiracy Claim – State Law

Defendant City is not named as a defendant in Count V; therefore, no answer to Count V is required by the City.

## COUNT VI
## § 1983 Equal Protection – Class of One

Defendant City is not named as a defendant in Count VI; therefore, no answer to Count VI is required by the City.

## COUNT VII – *Monell*

40.    PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

**ANSWER:**    Defendant City re-alleges its responses to paragraphs 1 through 20, as if fully set forth herein.

41.    As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER:**    Defendant City denies participation in any of the "aforementioned acts and omissions" alleged in this Complaint.  The City further denies all other allegations in this paragraph.

42.    Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

**ANSWER:**    Defendant City denies that a "custom, practice, policy, and/or pattern" of the City exists as alleged.  The City further denies all other allegations in this paragraph.

43.    As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF was injured in a personal and pecuniary manner.

**ANSWER:**    Defendant City denies that a "custom, practice, policy, and/or pattern" of the City exists as alleged.  The City further denies all other allegations in this paragraph.

## COUNT VIII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

44.    PLAINTIFF re-alleges paragraphs 1 – 20 as though fully set forth herein.

**ANSWER:**    Defendant City re-alleges its responses to paragraphs 1 through 20, as if fully set forth herein.

45.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**    Defendant City admits that, at all times relevant to the allegations in plaintiff's Complaint, defendant officers Eric Eckhorn and Gregario Anderson were employed by the City as Chicago police officers.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

46.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:**    Defendant City admits that, at all times relevant to the allegations in plaintiff's Complaint, defendant officers Eric Eckhorn and Gregario Anderson were employed by the City as Chicago police officers and were acting under color of law and within the scope of their employment as Chicago police officers.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT IX
## Supplementary Claim for *Respondeat Superior*

47.    PLAINTIFFS re-allege paragraphs 1 – 20 as though fully set forth herein.

**ANSWER:**    Defendant City re-alleges its answers to paragraphs 1 through 20, as though fully set forth herein.

48.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**ANSWER:**    Defendant City states that plaintiff's allegation that "as principle" the City is "liable for the actions of its agents under the doctrine of respondeat superior" is a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied. Defendant City admits that, at all times relevant to the allegations in plaintiff's Complaint, defendant Officers Eckhorn and Anderson were acting in the scope of their employment as Chicago police officers. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## JURY DEMAND

49.    Plaintiff demands trial by jury.

**ANSWER:**    The City also requests a trial by jury.

## AFFIRMATIVE DEFENSES

1.    Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton. Id. at § 2-202 (2006). The defendants' complained of actions were not wilful or wanton.

2.    Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.

-11-

745 ILCS 10/2-204 (2006).

3.     Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

4.     Defendant City is not liable to plaintiff for any of his state law claims if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109 (2006).

5.     A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

6.     Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

7.     To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

8.     Pursuant to the Tort Immunity Act, the statute of limitations on Plaintiff's state law claims is one year "from the date the injury was received or the cause of action accrued."  745

-12-

ILCS 10/8-101(a).


**DATED: July 24, 2008**

                                        MARA S. GEORGES,
                                        Corporation Counsel
                                        City of Chicago


                          By:    ___*/s/ Meghan Kennedy*_____
                                        MEGHAN KENNEDY
                                        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 6283230

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELVIS BENSON | ) | |
| | ) | No. 08 C 2346 |
| Plaintiff, | ) | |
| | ) | Judge Manning |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| ERIC ECKHORN, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    Blake Horwitz
HORWITZ, RICHARDSON & BAKER, LLC.
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, Illinois  60603

**PLEASE TAKE NOTICE** that on this 24th day of July 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AT LAW,** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document  by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this 24th day of July 2008.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
for the City of Chicago

By:    /s/    **Meghan Kennedy**
MEGHAN KENNEDY
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 6283230