IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELVIS BENSON, | ) | |
| | ) | No. 08 C 2346 |
| Plaintiff, | ) | |
| | ) | Judge Manning |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| ERIC ECKHORN, GREGORIO ANDERSON, | ) | |
| UNKNOWN OFFICERS, and the | ) | |
| CITY OF CHICAGO, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ERIC ECKHORN'S AND GREGORIO ANDERSON'S
ANSWER, DEFENSES AND JURY DEMAND**

Defendants Eric Eckhorn and Gregorio Anderson (collectively, "Defendant Officers"), by

their attorney, Marc J. Boxerman, senior counsel, for their Answer, Defenses and Jury Demand to

Plaintiff's complaint, state as follows:

**JURISDICTION**

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C.
§1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States;
and this Court's supplementary jurisdiction powers.

**ANSWER:**    Defendant Officers admit that this action purports to be brought pursuant to

42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and § 1343(a), and this Court's

supplementary jurisdiction powers. Defendant Officers deny that the Constitution of the United

States provides Plaintiff with a direct cause of action.

**PARTIES**

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:**    Defendant Officers lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

3.      The DEFENDANT OFFICERS were, at all times relevant hereto, employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:**    Defendant Officers admit that at all times relevant to the allegations in the complaint, they were employed by the City of Chicago as Chicago police officers and acting in their capacity as Chicago police officers.

4.      The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:**    Defendant Officers admit that the City of Chicago is an incorporated municipal corporation.  Defendant Officers admit that, at all times relevant to the allegations in the complaint, Eric Eckhorn and Gregario Anderson were employed by the City as Chicago police officers and were acting under color of law.  Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

## FACTS

5.      On or about April 29, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**    Defendant Officers deny that they were engaged in an unreasonable seizure of Plaintiff that violated the Fourth Amendment of the United States Constitution.  Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.      On or about April 29, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**    Defendant Officers admit that they did not observe Plaintiff obstruct

justice, resist arrest, and/or batter and/or assault any police officer.  Defendant Officers lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 6.

7.    The DEFENDANT OFFICERS charged and/or participated in the charging of
PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to
prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS
failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.
The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took
place relative to the PLAINTIFF.

**ANSWER:**    Defendant Officers admit that they assisted in Plaintiff's arrest.  Defendant

Officers deny the remaining allegations contained in paragraph 7.

8.    On April 29, 2007, PLAINTIFF had not committed an act contrary to the laws of the
State of Illinois.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 8.

9.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the
DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:**    Defendant Officers deny that they caused Plaintiff to suffer damages.

Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 9.

10.    On or about April 29,2007, the DEFENDANT OFFICERS were on duty at all times relevant
to this complaint and were duly appointed police officers for the CITY OF CHICAGO.  The
DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and
scope of employment and while on duty. This action is being brought with regard to the individual
capacity of the DEFENDANT OFFICERS.

**ANSWER:**    Defendant Officers admit that, at all times relevant to the allegations in the

complaint, they were employed by the City of Chicago as Chicago police officers and were

acting in the course and scope of their employment.  Defendant Officers admit that Plaintiff

purports to bring this action against them in their individual capacity.  Defendant Officers deny

that they committed the conduct complained of in the complaint.  Defendant Officers lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11.    Upon information and belief, ERIC ECKHORN, on April 29, 2007, came into physical contact with PLAINTIFF.

ANSWER:    Defendant Officers admit the allegations contained in paragraph 11.

12.    Upon information and belief, GREGORIO ANDERSON, on April 29, 2007, came into physical contact with PLAINTIFF.

ANSWER:    Defendant Officers admit the allegations contained in paragraph 12.

13.    Upon information and belief, UNKNOWN OFFICERS, on April 29, 2007, came into physical contact with PLAINTIFF.

ANSWER:    Defendant Officers admit that other police officers came into physical contact with Plaintiff on April 29, 2007.

## CONSPIRACY

14.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

b.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

c.    generating false documentation to cover-up for their own and each other's misconduct;

ANSWER:    Defendant Officers deny the allegations contained in paragraph 14 and each of its subparagraphs.

15.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about April 29, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

ANSWER:    Defendant Officers lack knowledge or information sufficient to form a

belief as to the truth of whether Plaintiff suffered injury, incurred financial loss, and suffered

emotionally. Defendant Officers deny the remaining allegations contained in Paragraph 15.

## EQUAL PROTECTION

16.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

      **ANSWER:**    Defendant Officers deny the allegations contained in paragraph 16.

17.    With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF.  Further, PLAINTIFF was similarly situated to other individuals who interact with Police Officers that are not falsely arrested.

      **ANSWER:**    Defendant Officers deny the allegations contained in paragraph 17.

## *MONELL* ALLEGATIONS

18.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

      a.    generate false documentation to cover-up for the misconduct of fellow police officers;

      b.    engage in acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

      c.    fail to properly discipline officers from said police department who have committed act(s) of false  arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

      d.    fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

      e.    fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts has been committed by said officer upon another;

f.      allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts without repercussions and/or significant repercussions;

g.      fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia,* false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

i.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.      fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts;

l.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.      fail to properly investigate officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, such that

a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.    fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens; and

o.    failto provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious prosecution, misrepresentation of facts, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**ANSWER:**    Defendant Officers deny the allegations in paragraph 18 and each of its

subparagraphs.

19.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 19.

20.    A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 20.

### COUNT I
### §1983 False Arrest

21.    PLAINTIFF re-alleges paragraphs 1-20 as though fully set forth herein.

**ANSWER:**    Defendant Officers restate their answers to paragraphs 1-20 as their answer

to paragraph 21.

22.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 22.

23.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 23.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT II
### False Arrest-State Claim

24.    PLAINTIFF re-alleges paragraphs 1-20 as though fully set forth herein.

**ANSWER:**    Defendant Officers restate their answers to paragraphs 1-20 as their answer

to paragraph 24.

25.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 25.

26.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 26.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT III
### Malicious Prosecution-State Claim

27.    PLAINTIFF re-alleges paragraphs 1-20 as though fully set forth herein.

**ANSWER:**    Defendant Officers restate their answers to paragraphs 1-20 as their answer to paragraph 27.

28.    The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.    These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:**    Defendant Officers admit that police officers alleged Plaintiff violated state law.    Defendant Officers deny that they alleged that Plaintiff violated state law.    Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 29.

30.    The underlying criminal charges were ultimately resolved in favor of Plaintiff.

**ANSWER:**    Defendant Officers admit the allegations contained in paragraph 30.

31.    The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 31.

32.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State law, as set forth above.

**ANSWER:**    Defendant Officers deny the allegations contained in paragraph 32.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.    PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.    PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT IV
## § 1983 Conspiracy Claim

33.    PLAINTIFF re-alleges paragraphs 1-20 as though fully set forth herein.

**ANSWER:**    Defendant Officers restate their answers to paragraphs 1-20 as their answer

to paragraph 33.

34.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

    **ANSWER:**    Defendant Officers deny the allegations contained in paragraph 34.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

    **ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT V
### Conspiracy Claim - State Law

35.    PLAINTIFF re-alleges paragraphs 1-20 as though fully set forth herein.

    **ANSWER:**    Defendant Officers restate their answers to paragraphs 1-20 as their answer

to paragraph 35.

36.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law

    **ANSWER:**    Defendant Officers deny the allegations contained in paragraph 36.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

    **ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT VI
### § 1983 Equal Protection - Class of One

37.    PLAINTIFF re-alleges paragraphs 1-20 as though fully set forth herein.

    **ANSWER:**    For its answer to this count, Defendant Officers submit a motion to

dismiss.

38.    The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:**     For their answer to this count, Defendant Officers submit a motion to dismiss.

39.     The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**     For their answer to this count, Defendant Officers submit a motion to dismiss.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:**     Defendant Officers deny Plaintiff is entitled to the relief requested.

### COUNT VII – *Monell*

40.     PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed against them.

41.     As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed against them.

42.     Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed against them.

43.     As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF was injured in a personal and pecuniary manner.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed against them.

**COUNT VIII**
**745ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

44.     PLAINTIFF re-alleges paragraphs 1 - 20 as though fully set forth herein.

**ANSWER:**     Defendant Officers make no answer to Count VIII as it is not directed against them.

45.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**     Defendant Officers make no answer to Count VIII as it is not directed against them.

46.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:**     Defendant Officers make no answer to Count VIII as it is not directed against them.

**COUNT IX**
**Supplementary Claim for *Respondeat Superior***

47.     PLAINTIFFS re-allege paragraphs 1 - 20 as though fully set forth herein.

**ANSWER:**     Defendant Officers make no answer to Count IX as it is not directed against them.

48.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:**     Defendant Officers make no answer to Count IX as it is not directed against them.

**JURY DEMAND**

49.    Plaintiff demands trial by jury.

**ANSWER:**    Defendant Officers also request a trial by jury.

## AFFIRMATIVE DEFENSES

1.    Regarding Plaintiff's state law claims, to the extent any employee or agent of Defendant City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2006).

2.    Regarding Plaintiff's state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3.    Regarding Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201 (2006).

4.    Defendant Officers are entitled to qualified immunity.  Defendant Officers are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed.  Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

5.    Regarding Plaintiff's state law claims, Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officers.  Therefore Defendant Officers are immune

from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745

ILCS 10/2-202 (2006).

   6.     Regarding Plaintiff's state law claims, Defendants are not liable for any injury

caused by the acts or omissions of another person.  Illinois Local Governmental and

Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204 (2006).

   7.     Regarding Plaintiff's state law claims, to the extent any injuries or damages

claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on

the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of

"reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior,

must be reduced by application of the principles of comparative fault, by an amount

commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See Poole v.

City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

   8.     Under Illinois Tort Immunity law, Defendants are not liable for injury allegedly

caused by the instituting or prosecuting any judicial or administrative proceeding within the

scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS

10/2-208 (2006).

   9.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages,

any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to

Plaintiff by the jury in this case.

   10.     To the extent any injuries or damages claimed by Plaintiff were proximately

caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on

the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application

of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

      11.     Defendants are absolutely immune for any testimony they may have given in a criminal case related to this lawsuit. *Briscoe v. LaHue*, 460 U.S. 325 (1983).

                                          Respectfully submitted,

                                          MARA S. GEORGES
                                        Corporation Counsel
                                         of the City of Chicago

By:     s/Marc J. Boxerman
           MARC J. BOXERMAN
           Senior Counsel

Marc J. Boxerman
30 N. La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

## CERTIFICATE OF SERVICE

I, Marc J. Boxerman, an attorney, certify that I have caused a true and correct copy of the above **Notice of Filing** and **Defendants Eric Eckhorn's and Gregorio Anderson's Answer, Defenses, and Jury Demand** to be sent via e-filing to the person named below, a "Filing User" pursuant to Case Management/Electronic Case Files, on August 11, 2008, in accordance with the rules governing the electronic filing of documents.

                                        s/ Marc J. Boxerman
                                        MARC J. BOXERMAN


Person served:

Blake Wolfe Horwitz
Horwitz, Richardson & Baker, LLC
20 S. Clark Street
Suite 500
Chicago, IL 60603